**AMERICAN SAMEC CORPORATION et al.**
**v. FLORIAN et al.**

Civ. A. No. 2505.

United States District Court
D. Connecticut.

July 25, 1949.

Maxwell E. Sparrow, New York City, Lawrence J. Golon, New Britain, Conn., Leo V. Gaffney, New Britain, Conn., for plaintiffs.

Harold E. Cole, Boston, Mass., Joseph H. Thalberg, Southington, Conn., for defendants.

SMITH, District Judge.

Florian et al. manufacture pinking shears allegedly under United States Patent No. 2,174,222. Claiming theft of their design by New Britain Die Casting Corporation, a Connecticut corporation, aided by American Samec Corporation, a New York corporation, the Florians sued both corporations for unfair competition in the State Superior Court, obtaining service only on New Britain. American Samec and New Britain brought this action to obtain a declaratory judgment of invalidity of the patent, and non-infringement, and for an injunction as in violation of the Anti-Trust Laws against efforts by the Florians to prevent the plaintiffs from manufacturing pinking shears by the Superior Court action or otherwise.

The Florians counterclaimed for unfair competition. The plaintiffs move to dismiss the counterclaim as lacking grounds for jurisdiction.

If the counterclaim does not arise out of the same transaction or occurrence, it is permissive under Rule 13(b), Federal Rules of Civil Procedure, 28 U.S.C.A., and requires independent grounds for jurisdiction. Moore's Federal Practice, 2d Ed., Vol. 3, pp. 53-54. In a patent action, a counterclaim for unfair competition without more is not based on federal law, does not arise out of the same transaction or occurrence, and is not maintainable unless there exists complete diversity of citizenship, all plaintiffs being citizens of different states from all defendants. Derman v. Stor-Aid, Inc., et al., 2 Cir., 141 F.2d 580.

Complete diversity does not exist here, the Florians and New Britain all being Connecticut citizens.

This is not, however, the usual case of a patent action, with a counterclaim for unfair competition bringing in additional issues as to facts not material to the original action, where the question discussed above is presented, whether the additional issues arise under the Constitution or laws of the United States, or other independent grounds of federal jurisdiction exist.

Here the transaction or occurrence which is the basis for the counterclaim, the alleged theft of the design by New Britain, has already been made a part of the basis of the original action by the allegations of harassment of the plaintiffs and attempts to prevent the plaintiffs from producing a pinking instrument. Cf. paragraphs 5, 19 and 23 of the Complaint. See also the plaintiffs' claim for relief. Whether we use the test of res adjudicata, see Judge Frank's dissent in the Libby-Owens-Ford Glass Co. v. Sylvania Industrial Corp., 2 Cir., 154 F.2d 814, 817, or the test of the need of no substantial additional proof, this counterclaim must be considered one arising out of the same occurrence or transaction. Except for the prior state court action, its filing was, therefore, compulsory, and it needs no independent basis for jurisdiction.

The motion to dismiss the counterclaim is denied.